IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JACOB ALLEN WHITE,                                  CV 07-1003-MA

        Petitioner,                              OPINION AND ORDER

  v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

        Respondent.


    JACOB ALLEN WHITE
    Federal Register Number 08921-046
    Federal Correctional Institution
    PO Box 5000
    Portland, OR  97378-5000

        Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:


1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

## Background

After pleading guilty to Burglary and Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 1153(a), and 922(j) and (a)(2), on March 21, 2006 Petitioner was sentenced to 28 months imprisonment, 3 years of supervised release, and ordered to pay restitution in the amount of $6810.  The sentencing order included a "schedule of payments" page, which provided that "payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25.00 per quarter, and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program."

According to Petitioner, when he arrived at FCI Sheridan, the BOP set a $140 per month schedule for Petitioner's restitution payments, pursuant to the Inmate Financial Responsibility Program (IFRP).  See 28 C.F.R. § 545.10, *et seq*.  According to Respondent, Petitioner agreed to and did pay $50 per month August 2006 through December 2006, and $140 per month January 2007 through August 2007.  Neither party has provided this Court with any documentation confirming or denying these assertions.  However, the Court assumes the truth of the

2- OPINION AND ORDER

undisputed assertion that Petitioner has been paying more than $25 per quarter toward restitution, and that he only "agreed" to do so to avoid the adverse consequences of not agreeing. *See e.g. Dixey v. Daniels*, 2007 WL 1975806, 1 (D. OR)(listing inmate consequences for not complying with the BOP's individualized financial plans); *see also* 28 C.F.R. §545.11.

This case illustrates a new dimension of non-delegation issues from the separation of powers problems that provoked the Ninth Circuit to invalidate the restitution payment schedules in *United States v. Gunning*, 339 F. 3d 948 (9th Cir. 203)(*Gunning I*), and *United States v. Gunning*, 401 F. 3d 1145 (9th Cir. 2005)(*Gunning II*). Unlike in those cases, here, the sentencing court did set a schedule for payment of restitution during incarceration. The question is whether the sentencing court's "not less than" language creates a minimum restitution payment, which the BOP may increase at its discretion pursuant to the IFRP, or a cap on the amount the BOP can "force" an inmate to pay.

In *Dixey v. Daniels*, 2007 WL 1975806 (D. OR) I recently held that when a sentencing court sets a restitution payment schedule during imprisonment at "not less than" an amount certain, this language creates a cap. I reasoned that any other result would allow the BOP to modify the payment schedule without court approval or oversight, amounting to an equally impermissible

3- OPINION AND ORDER

delegation of authority as the unacceptable delegations in *Gunning I* and *Gunning II*. Accordingly, I find that the BOP's modification of Petitioner's restitution payment schedule in this case was not in accordance with the law.

Petitioner seeks an order requiring the BOP to cease collecting restitution payments from him in excess of $25 per quarter. He also asks the Court to order the BOP to vacate his "IFRP-Refusal" status and any sanctions imposed, and to restore him to the position he would have been in but for the BOP's "wrongful actions." There is not any evidence in the record to support the conclusion that Petitioner has been placed on "IFRP Refuse Status" or that any sanctions have been imposed upon him as a consequences of refusing to make restitution payments. Moreover, to the extent Petitioner has been paying down his restitution sentence, he is now in a better, not worse, position than he would have been in if not for the BOP's collection activity because Petitioner has reduced his restitution debt. Thus, Petitioner has only made a sufficient showing that he is entitled to an order requiring the BOP to cease collecting restitution payments in excess of $25 per quarter from Petitioner. *See* 5 U.S.C. § 706(2)(a)(agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.").

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to not sanction Petitioner if he refuses to pay more than $25 per quarter toward restitution.

IT IS SO ORDERED.

DATED this 26_ day of November, 2007.

                                       Malcolm F. Marsh  /s/
                                       Malcolm F. Marsh
                                       United States District Judge